USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/24/08

MAILED TO COUNSEL 11/24

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------x
IN RE BRISTOL-MYERS SQUIBB          :   Case No. 02-CV-2251 (LAP)
SECURITIES LITIGATION               :
                                    :
                                    :
                                    :
---------------------------------------x

**COURTESY COPY**

## [PROPOSED] FINAL CLASS DISTRIBUTION ORDER

WHEREAS:

A. On November 23, 2004, the Court entered a judgment that approved as fair, reasonable, and adequate and in the best interest of the Class Members, the Stipulation and Agreement of Settlement entered into by the parties on July 29, 2004, as amended by the Amendment to the Stipulation and Agreement of Settlement, dated November 8, 2004;

B. On May 15, 2006, the Court entered the Class Distribution Order. The Class Distribution Order, *inter alia*, authorized the initial distribution (the "Initial Distribution") of the Net Class Settlement Fund and directed GCG to distribute 80% of the available balance of the Net Class Settlement Fund to Authorized Claimants, with the remaining 20% held in reserve to address contingencies associated with the claims administration process and the initial distribution of the Net Class Settlement Fund.

C. The Class Distribution Order also retained "jurisdiction to consider any further applications concerning the administration of the settlement, including, without limitation, the disposition of the Disputed Claims and Claims-in-Process, and any further administrative fees and expenses relating to the distribution of the reserved funds, and such other and further relief as this Court deems appropriate."

D. Lead Plaintiffs, on notice to Defendants' Counsel, have moved this Court for the final distribution of the Net Class Settlement Fund, and the Court has considered all the materials

and arguments submitted in support of this motion, including Lead Plaintiffs' Memorandum of Law in Support of Motion to Conduct a Final Distribution of the Net Class Settlement Fund and the Affidavit of Stephen J. Cirami in Support of Lead Plaintiffs' Motion to Conduct a Final Distribution of the Net Class Settlement Fund, submitted therewith.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court, for the purposes of this Order, adopts the defined terms set forth in Lead Plaintiffs' Memorandum of Law in Support of Motion to Conduct a Final Distribution of the Net Class Settlement Fund.

2. The administrative determinations of GCG accepting and rejecting Claims-in-Process and Late-Claims, and adjusting payouts for Adjusted Claims, as set forth in the Cirami Affidavit, are approved.

3. The administrative determinations of GCG regarding all outstanding Disputed Claims and Payment Objections, as set forth in the Cirami Affidavit, are approved.

4. No Claim received after entry of this Order may be accepted.

5. The following Final Distribution Plan, as set forth in the Cirami Affidavit, is approved:

    a. GCG shall conduct a second distribution of the remaining balance of the Net Class Settlement Fund, along with the distribution of the remaining balances of the SEC Settlement Fund and the DOJ Settlement Fund, to the Authorized Claimants set forth on Exhibit F to the Cirami Affidavit (the "Second Distribution"). In connection with the Second Distribution, Authorized Claimants who were not included in the Initial Distribution, *i.e.*, eligible Claims-in-Process, Late Claims and Adjusted Claims (the "New Authorized Claimants"), shall first be allocated their *pro rata* share of the Initial Distribution amount, subject to the $10 *de minimus* threshold set forth in the Plan of Allocation. The remaining balance of the distributable amount, less GCG's fees and expenses requested herein and approved by the Court, shall be allocated for a *pro rata* distribution to all eligible Authorized Claimants, *i.e.*, all Authorized Claimants who were paid in the Initial Distribution (the "Original Authorized Claimants") and who have cashed their checks, and all New Authorized Claimants.

    b.  The Second Distribution shall proceed in two steps. First, immediately after entry of this Order, GCG will pay all New Authorized Claimants their *pro rata* share of the Initial Distribution amount. Second, after this Order has become Final and no longer subject to appeal, GCG will conduct the *pro rata* distribution of the remaining balance of the Funds to all eligible Authorized Claimants (*i.e.*, all Original Authorized Claimants who have cashed their checks from the Initial Distribution, and all New Authorized Claimants).

    c.  If cost-effective, after six (6) months after the completion of the Second Distribution, GCG shall re-distribute any funds remaining in the Net Class Settlement Fund to Authorized Claimants who have cashed their checks from the Second Distribution and who would receive at least $25.00 on such distribution based on their Recognized Claims, after payment of any unpaid costs or fees incurred in administering the funds for such distribution (such costs and fees to be paid without Court approval), with additional re-distributions thereafter in six-month intervals until GCG and Lead Counsel determine that a re-distribution is not cost-effective. If GCG and Lead Counsel determine that a re-distribution is not cost-effective, then the balance of the Net Class Settlement Fund shall be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Lead Counsel *and approved by the Court*.

  6.  Lead Counsel are authorized to direct payment of $1,467,849.43 to GCG from the Net Class Settlement Fund for its fees and expenses incurred in connection with the Initial Distribution and for its estimate of the costs of the Second Distribution of the Net Class Settlement Fund to Authorized Claimants.

  7.  All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Class Settlement Fund or the Net Class Settlement Fund are released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Net Class Settlement Fund are barred from making any further claim against the Net Class Settlement Fund or the released persons beyond the amount allocated to them pursuant to this Order.

  8.  The Claims Administrator is hereby authorized to discard paper or hard copies of the Proofs of Claim and supporting documents not less than one (1) year after the final

3

distribution of the Net Class Settlement Fund and electronic or magnetic media data not less than three (3) years after the final distribution of the Net Class Settlement Fund.

9.      This Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and such other and further relief as this Court deems appropriate.

Dated: New York, New York
       November 23, 2008

*Loretta A. Preska*
HONORABLE LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE

4